## GOLDBERG *v.* HALLE.

---

PATENTS; INTERFERENCE; REDUCTION TO PRACTICE; APPEALS.

1. Where the junior party in interference did not reduce to practice before the filing date of the senior party, he must prove conception prior to that date, and diligence in reducing to practice at and subsequent to the time the senior party entered the field.

2. Where the record, on appeal in an interference case, does not contain the testimony, but only the assignments of error and the decisions of the Patent Office tribunals, it will be assumed that the decision of the Commissioner was correct, and it will be affirmed.

No. 592. Patent Appeals. Submitted November 15, 1909. Decided December 7, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                    *Affirmed.*

The facts are stated in the opinion.

*Messrs. Cheever & Cox, Mr. C. C. Linthicum,* and *Mr. Howell Bartle* for the appellant.

*Mr. L. G. Julihn* and *Mr. B. G. Foster* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court.

This is an appeal from a decision of the Commissioner of Patents in an interference proceeding, affirming the decisions of the Examiners-in-Chief and the Examiner of Interferences, and awarding priority of invention to Hiram J. Halle, the senior party.

The invention relates to an improvement in calculating attachments for ordinary typewriting machines. The issue is set forth in nine counts. Count eight, being the broadest of these counts, will alone be reproduced here:

"The combination with printing mechanism and a plurality of separate computing devices, of keys for operating the printing mechanism and for simultaneously operating said computing devices in correspondence with each other."

It is not contended that there was a reduction to practice by Hyman E. Goldberg of the invention prior to Halle's filing date; hence to entitle Goldberg to prevail it is necessary for him to prove a conception of the invention prior to that date and diligence in reducing the invention to practice at and subsequent to the time Halle entered the field. It is apparent, therefore, that a determination of the questions here involved depends upon the view taken of Goldberg's testimony; but the record contains no testimony. The only things before us are the assignment of errors and the decisions of the Patent Office tribunals. Each of these tribunals has reviewed the case and reached a conclusion adverse to Goldberg. In the absence of the testimony

upon which these conclusions were based, we must assume that they are correct. It follows, therefore, that the decision of the Commissioner must be affirmed.

The clerk will certify this opinion as by law required.

*Affirmed.*

A motion by the appellant for a rehearing was overruled January 5, 1910.